**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STANLEY EUGENE HOLMES,<br><br>        Petitioner,<br><br>  v.<br><br>S. FRAUENHEIM, Warden,<br><br>        Respondent. | Case No. SACV 14-1591 GHK (SS)<br><br>**REPORT AND RECOMMENDATION OF**<br><br>**UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation is submitted to the Honorable George H. King, Chief United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**INTRODUCTION**

On September 25, 2014, Stanley Eugene Holmes ("Petitioner") filed a "Memorandum of Points and Authorities to Treat Petition as a Writ of Mandate" ("Petition"), which seeks to have Petitioner's criminal sentence modified pursuant to recently

enacted state law.[1] (Dkt. No. 2). The Court liberally construed the pending Petition as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, see Brown v. Vasquez, 952 F.2d 1164, 1166 n.7 (9th Cir. 1992) ("[F]ederal courts have a responsibility to construe liberally pro se prisoners' vaguely-framed pleadings as habeas petitions where the interests of justice demand[.]"), and required Respondent to answer the Petition. (Dkt. No. 4).

On February 4, 2015, Respondent filed an Answer to the Petition with an accompanying Memorandum of Points and Authorities ("Ans. Mem."), and also lodged ten documents. (Dkt. Nos. 15-16). Petitioner filed a Reply on February 27, 2015. (Dkt. No. 20). For the reasons discussed below, it is recommended that the Petition be DENIED and that this action be DISMISSED with prejudice.

## II.

## PRIOR PROCEEDINGS

On March 1, 2000, an Orange County Superior Court jury found Petitioner guilty of one count of possession of a firearm by a felon in violation of California Penal Code ("P.C.")

---

[1] "In determining when a pro se state or federal petition is filed, the 'mailbox' rule applies. A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing[,]" Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010), which in this case occurred on September 25, 2014. (See Declaration of Service by Mail attached to Dkt. No. 2).

§ 12021(a)(1), and one count of evading a police officer while driving in willful or wanton disregard for safety in violation of California Vehicle Code § 2800.2. (Lodgment 2 at 16; Lodgment 3 at 1). The trial court also found it to be true that Petitioner had numerous prior convictions under California's Three Strikes Law, P.C. §§ 667(b)-(i) and 1170.12(a)-(d). (Lodgment 2 at 17-19). On April 21, 2000, the trial court sentenced Petitioner to two concurrent terms of twenty-five years to life in state prison. (Lodgment 2 at 21). Petitioner appealed his convictions and sentence to the California Court of Appeal, which affirmed the judgment on November 9, 2011. (Lodgment 3). The California Supreme Court denied direct review without comment on January 23, 2002. (Lodgment 4).

On December 5, 2002, Petitioner filed a habeas petition in Orange County Superior Court, which denied the petition on December 24, 2002.[2] On January 23, 2003, the California Court of Appeal denied an identical petition. Petitioner next filed a habeas petition in the California Supreme Court, which denied the petition without comment or citation to authority on October 15, 2003.

---

[2] Unless otherwise specified, the Court derives this portion of the procedural history from the Magistrate Judge's Report and Recommendation in Petitioner's previous federal habeas action. See Holmes v. Lewis, Case No. SACV 02-1123 GHK (SS) ("Prior Petition"), Dkt. No. 33. Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of its records regarding the Prior Petition. See Shuttlesworth v. City of Birmingham, Ala., 394 U.S. 147, 157 (1969) (federal court may properly take judicial notice of its own files and records).

On October 23, 2003, Petitioner filed the Prior Petition in this Court. On June 17, 2005, the Court denied Petitioner's claims and dismissed the Prior Petition with prejudice. (Lodgment 5).

On April 9, 2013, in Orange County Superior Court, Petitioner filed an application for recall and resentencing pursuant to California's Three Strikes Reform Act of 2012 ("the Act"), which the trial court denied on April 11, 2013. (Dkt. No. 1 at 1; Lodgment 2 at 23).

On April 30, 2013, Petitioner, represented by the Orange County Public Defender, filed a petition to recall sentence and for a new sentencing hearing in Orange County Superior Court. (Dkt. No. 1 at 28; Lodgment 2 at 23). However, at a hearing on July 12, 2013, Petitioner's counsel moved to take the petition off calendar. (Lodgment 2 at 25). The Superior Court interpreted the motion as a request to withdraw the petition and thereafter ordered the petition withdrawn. (Id.).

On April 10, 2014, Petitioner, now proceeding pro se, filed an "Ex Parte Motion" in the California Court of Appeal, which the California Court of Appeal construed as a writ of mandate and denied on May 15, 2014. (Lodgments 6-7).

On June 5, 2014, Petitioner filed a Petition for Writ of Mandate in the California Supreme Court. (Lodgment 8). On July 29, 2014, the California Supreme Court transferred the action to

the Court of Appeal "for consideration in light of Hagan v. Superior Court," 57 Cal. 2d 767 (1962), and with instructions to deny the petition if it was "substantially identical to a prior petition." (Lodgment 9). On August 28, 2014, the Court of Appeal denied the Petition for Writ of Mandate. (Lodgment 10).

### III.

### PETITIONER'S CLAIMS

Petitioner asserts that the trial court violated his right to due process by denying Petitioner "the right to be personally present at various hearing[s]" to consider his eligibility for a sentence reduction under the Act. (Petition at 2, 10, 23-29).[3] Petitioner also contends the Act, as applied in his case, violates the Ex Post Facto Clause by retroactively eliminating Petitioner's "vested" right to resentencing and also runs afoul of the Double Jeopardy Clause.[4] (Id. at 10, 20-22).

\\
\\
\\

---

[3] Petitioner interspersed his Petition with various exhibits. For ease of reference, the Court treats all of these pages as if consecutively numbered.

[4] The pending Petition is not a model of clarity. To the extent Petitioner intends the Petition to raise any claims not addressed herein, such claims are summarily rejected as vague, conclusory, and insufficient to warrant habeas corpus relief. See Greenway v. Schriro, 653 F.3d 790, 804 (9th Cir. 2011) (A "cursory and vague claim cannot support habeas relief."); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

IV.

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011). Under AEDPA's deferential standard, a federal court may grant habeas relief only if the state court adjudication was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court, or was based upon an unreasonable determination of the facts. Id. at 100 (citing 28 U.S.C. § 2254(d)). "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt[.]" Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) (citations and internal quotation marks omitted).

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); 28 U.S.C. § 2254(b-c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "A petitioner satisfies the exhaustion requirement by 'fully and fairly presenting each claim to the highest state court.'" Greenway v. Schriro, 653 F.3d 790, 801

1  (9th Cir. 2011) (citation omitted); Picard v. Connor, 404 U.S.
2  270, 275-76 (1971).

4  　　Here, although Petitioner filed a petition in the California
5  Supreme Court raising due process and double jeopardy claims, the
6  California Supreme Court did not rule on the petition but instead
7  transferred it to the California Court of Appeal, stating "[i]n
8  the event the Court of Appeal determines that this petition is
9  substantially identical to a prior petition, the repetitious
10 petition must be denied." (Lodgments 8-9). The California Court
11 of Appeal subsequently denied the petition, (Lodgment 10), but
12 Petitioner apparently did not seek further review in the
13 California Supreme Court. (See Petition at 1; Ans. Mem. at 2-3).
14 Therefore, the pending Petition is completely unexhausted.
15 Roberts v. Arave, 847 F.2d 528, 529 (9th Cir. 1988); see also
16 Rollins v. Superior Court of Los Angeles, 706 F. Supp. 2d 1008,
17 1011 (C.D. Cal. 2010) (claims raised in habeas corpus petitions
18 to the California Supreme Court were "never 'fairly presented'
19 for purposes of exhaustion" when the "California Supreme Court
20 did not consider Petitioner's claims on the merits" but instead
21 "transferred [the petitions] to the California Court of Appeal
22 with instructions that they be dismissed if found to be
23 repetitious").

25 　　Respondent, however, did not seek to dismiss the pending
26 Petition as unexhausted, but instead stated that Petitioner
27 "appears to have exhausted his state remedies by presenting his
28 claim to the California Supreme Court in a petition for

review[,]" (Answer at 2), and argued that the Petition should be denied on the merits. (Ans. Mem. at 3-8). Thus, Respondent has expressly waived the exhaustion requirement, see 28 U.S.C. 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."); Mann v. Ryan, 774 F.3d 1203, 1212 n.2 (9th Cir. 2014) ("[T]he state expressly waived the exhaustion requirement [as to Mann's ineffective assistance of counsel claim] when, in its answer to Mann's amended habeas petition, it stated that Mann exhausted this claim" and it responded to the claim on the merits); Sharrieff v. Cathel, 574 F.3d 225, 230 (3d Cir. 2009) ("Here, by conceding exhaustion in its answer to Sharrieff's habeas petition, the State clearly, explicitly, and unambiguously waived the exhaustion requirement."),[5] and the Court will review Petitioner's claims de novo. Cone v. Bell, 556 U.S. 449, 472 (2002); Lewis v. Mayle, 391 F.3d 989, 996 (9th Cir. 2004); see also Berghuis v. Thompkins, 560 U.S. 370, 390 (2010) ("Courts can . . . deny writs of habeas corpus under § 2254 by engaging in de novo review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on de novo review[.]").

---

[5] The language the State used in Sharrieff -- "it 'appears that [Sharrieff] has exhausted his state court remedy as to this issue, since he presented it to the state's highest court in his petition for certification'" -- is remarkably similar to the language Respondent used in this case. Sharrieff, 574 F.3d at 227.

8

|   |   |
|---|---|
| 1 | **V.** |
| 2 | **DISCUSSION** |
| 3 | |
| 4 | "On November 6, 2012, the California electorate approved |
| 5 | Proposition 36, otherwise known as the Three Strikes Reform Act |
| 6 | of 2012. . . , which became effective the next day." Teal v. |
| 7 | Superior Court, 60 Cal. 4th 595, 596 (2014); People v. Chubbuck, |
| 8 | 231 Cal. App. 4th 737, 740 (2014). Among other things, the Act |
| 9 | "created a postconviction release proceeding whereby a prisoner |
| 10 | who is serving an indeterminate life sentence imposed pursuant to |
| 11 | the three strikes law for a crime that is not a serious or |
| 12 | violent felony and who is not disqualified, may have his or her |
| 13 | sentence recalled and be sentenced as a second strike offender |
| 14 | unless the court determines that resentencing would pose an |
| 15 | unreasonable risk of danger to public safety." People v. |
| 16 | Yearwood, 213 Cal. App. 4th 161, 168 (2013) (citing P.C. § |
| 17 | 1170.126); Teal, 60 Cal. 4th at 597. An inmate "currently |
| 18 | serving an indeterminate life sentence pursuant to the three |
| 19 | strikes law is disqualified from resentencing if he or she has an |
| 20 | enumerated disqualifying factor found in [P.C. § 1170.126(e)]." |
| 21 | People v. Hicks, 231 Cal. App. 4th 275, 282 (2014). One such |
| 22 | disqualifying factor involves a prior conviction for any homicide |
| 23 | or attempted homicide offense. P.C. §§ 1170.12(c)(2)(C)(iv)(IV), |
| 24 | 1170.126(e)(3). |
| 25 | |
| 26 | Under California law, when a trial court receives a petition |
| 27 | for recall of sentence, it must make three determinations: |
| 28 | "First, the court must determine whether the prisoner is eligible |

for resentencing; second, the court must determine whether resentencing would pose an unreasonable risk of danger to public safety; and third, if the prisoner is eligible and resentencing would not pose an unreasonable risk of danger, the court must actually resentence the prisoner." People v. Superior Court (Kaulick), 215 Cal. App. 4th 1279, 1299 (2013). Here, the Orange County Superior Court denied Petitioner's petition for recall under P.C. § 1170.126 at the initial eligibility step because Petitioner "has a prior conviction for attempted murder" and was therefore ineligible for resentencing.[6] (Lodgment 2 at 23). However, Petitioner asserts that in reaching this decision, the Superior Court deprived him of his constitutional right to be personally present and the Act, as applied to his case, violates the Ex Post Facto and Double Jeopardy Clauses. (Petition at 2-22). Petitioner seeks a hearing to consider his eligibility for a "two strike sentence" or an order resentencing him to a lesser term. (Petition at 25, 29). Petitioner's claims are meritless.

---

[6] To the extent Petitioner premises his arguments on a right to be present when the trial court holds a hearing on unreasonable risk of danger and at resentencing (see, e.g., Petition at 23) -- the second and third determinations -- there is no factual basis for his contentions. See Dows v. Wood, 211 F.3d 480, 486-87 (9th Cir. 2000) (factually unfounded argument provides no basis for federal habeas relief). Because Petitioner was found ineligible for resentencing under the Act, the Superior Court did not conduct a "dangerousness" inquiry, and it obviously did not resentence Petitioner. See P.C. § 1170.126(e)(3), (f). While Petitioner complains about the remoteness of his prior attempted murder conviction (see Petition at 10), the Superior Court did not have any reason to consider remoteness, which is a factor at issue only in assessing the risk of a prisoner's release following resentencing. See P.C. § 1170.126(g) (enumerating factors for exercising resentencing discretion, assuming prisoner meets the threshold eligibility inquiry).

**A. Petitioner's Absence From The Resentencing Proceedings Did Not Violate His Right To Due Process**

Initially, Petitioner had no absolute constitutional right to be present when the Superior Court considered his petition to recall his sentence.[7] See Wade v. Calderon, 29 F.3d 1312, 1325 (9th Cir. 1994) (A "petitioner does not have an automatic right to be present at a hearing in which he is collaterally attacking his criminal conviction."), overruled in part on other grounds as recognized in, Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005); Oken v. Warden, MSP, 233 F.3d 86, 93-94 (1st Cir. 2000) (no due process right to be present during state postconviction hearing). While post-conviction proceedings must comply with "the fundamental fairness mandated by the Due Process Clause[,]" Pennsylvania v. Finley, 481 U.S. 551, 557 (1987); District Attorney's Office for the Third Judicial Dist. v. Osborne, 557 U.S. 52, 69 (2009), there was nothing fundamentally unfair about the Superior Court ruling on Petitioner's petition to recall his sentence without having a hearing with Petitioner present, Oken, 233 F.3d at 94-96, particularly as Petitioner's prior attempted

---

[7] Under Kentucky v. Stincer, 482 U.S. 730 (1987), a criminal defendant has a "right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure[,]" but "this privilege of presence is not guaranteed 'when presence would be useless, or the benefit but a shadow[.]'" Id. at 745 (citation omitted). However, since "post-conviction collateral attack proceedings are not 'criminal proceedings' at all[,] . . . Stincer is not applicable." Oken v. Warden, MSP, 233 F.3d 86, 93-94 (1st Cir. 2000). Even if the Stincer rule did apply here, it would not benefit Petitioner because, for the reasons explained herein, his presence would have been useless, or the benefit but a shadow. Stincer, 482 U.S. at 745.

11

murder conviction rendered him statutorily ineligible for relief under P.C. § 1170.126.[8]  P.C. § 1170.126(e)(3).

Finally, while "[a] State violates a criminal defendant's due process right to fundamental fairness if it arbitrarily deprives the defendant of a state law entitlement[,]" Laboa v. Calderon, 224 F.3d 972, 979 (9th Cir. 2000) (citing Hicks v. Oklahoma, 447 U.S. 343, 346 (1980)), no such arbitrary deprivation occurred here.  Because the Superior Court denied his petition for recall at the initial screening phase, California

---

[8] The Superior Court found Petitioner has a prior attempted murder conviction.  (Lodgment 2 at 23).  Petitioner does not dispute this finding, which is presumed correct.  See Pirtle v. Morgan, 313 F.3d 1160, 1167-68 (9th Cir. 2002) (Even on de novo review, "factual determinations by the state court are presumed correct and can be rebutted only by clear and convincing evidence.").  The Superior Court then concluded the attempted murder conviction rendered Petitioner ineligible for P.C. § 1170.126 relief, and this Court is bound by that determination.  See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").  Having determined Petitioner was ineligible for P.C. § 1170.126 relief, the Superior Court was required to deny the petition for recall.  See People v. Brown, 230 Cal. App. 4th 1502, 1511-12 (2014) ("Section 1170.126 grants a trial court the power to determine an inmate's eligibility to be resentenced under [the Act] only if the inmate satisfies the three criteria set out in subdivision (e) of the statute, as previously noted, and contains no provision authorizing a trial court to disregard the required criteria.  Rather, the plain language of subdivision (e) clearly provides that an inmate must first satisfy each criteria set out in subdivision (e) of section 1170.126 before he or she can be resentenced under [the Act], and gives the trial court no discretion to depart from the three-step requirement.  In other words, if the inmate does not satisfy one or more of the criteria, section 1170.126 grants the trial court no power to do anything but deny the petition for recall of sentence." (citations and emphasis omitted)).

law did not entitle Petitioner to a hearing, let alone to be present. People v. Oehmigen, 232 Cal. App. 4th 1, 6-8 (2014); People v. Superior Court (Kaulick), 215 Cal. App. 4th at 1299. "California thus did not arbitrarily [deprive Petitioner] of a state-created entitlement, and [Petitioner] is not entitled to habeas relief on that basis." Laboa, 224 F.3d at 980. For all these reasons, Petitioner's claim is without merit.

**B.   Petitioner Is Not Entitled To Relief On His Ex Post Facto And Double Jeopardy Claims**

Petitioner asserts that the Act's "Retrospective Clause" is "unenforceable" because it violates the federal Constitution's Ex Post Facto Clause.[9] (Petition at 10). Petitioner also asserts that the use of his prior attempted murder conviction to deny him a sentence reduction violates the Double Jeopardy Clause. (Id. at 12, 20-22). Petitioner's arguments are without merit. Petitioner "has no constitutional entitlement to a retroactive reduction of his sentence." United States v. Diggs, 768 F.3d 643, 646 (7th Cir. 2014); see also Dillon v. United States, 560 U.S. 817, 828 (2010) ("We are aware of no constitutional requirement of retroactivity that entitles defendants sentenced

---

[9] "[T]here are two parts to the Act: the first part is prospective only, reducing the sentence to be imposed in future three strike cases where the third strike is not a serious or violent felony; the second part is retrospective, providing similar, but not identical, relief for prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony." People v. Superior Court (Kaulick), 215 Cal. App. 4th at 1292 (citations and emphasis omitted).

to a term of imprisonment to the benefit of subsequent [sentencing] amendments.").

More specifically, "[t]he Constitution forbids the passage of ex post facto laws, a category that includes '[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.'" Peugh v. United States, 133 S. Ct. 2072, 2077-78 (2013) (citation omitted); California Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995). "It is axiomatic that for a law to be ex post facto it must be more onerous than the prior law." Dobbert v. Florida, 432 U.S. 282, 294 (1977); Watson v. Estelle, 886 F.2d 1093, 1097 (9th Cir. 1989); see also Lynce v. Mathis, 519 U.S. 433, 441 (1997) ("To fall within the ex post facto prohibition, a law must be retrospective -- that is, 'it must apply to events occurring before its enactment' -- and it 'must disadvantage the offender affected by it,' by altering the definition of criminal conduct or increasing the punishment for the crime[.]" (citation omitted)). P.C. § 1170.126 does not disadvantage any offender. Rather, it confers a benefit – a sentence reduction – to eligible prisoners. See People v. Manning, 226 Cal. App. 4th 1133, 1141 n.3 (2014) ("[A]s an ameliorative provision, [P.C. §] 1170.126 can only decrease a defendant's sentence."). That Petitioner did not meet the statutory requirements for resentencing pursuant to P.C. § 1170.126 does not suggest an ex post facto violation. Petitioner was equally ineligible for a sentence reduction at the time he committed his most recent offenses, at the time he was sentenced, and once the Act took effect. The Act neither

14

1  lengthened Petitioner's sentence nor retroactively eliminated the
2  possibility of a reduced sentence that had previously been
3  available to him. See People v. Osuna, 225 Cal. App. 4th 1020,
4  1040 (2014) ("A finding an inmate is not eligible for
5  resentencing under section 1170.126 does not increase or
6  aggravate that individual's sentence; rather, it leaves him or
7  her subject to the sentence originally imposed."). Accordingly,
8  P.C. § 1170.126 does not fall within the ex post facto
9  prohibition. Dobbert, 432 U.S. at 294; Watson, 886 F.2d at 1097;
10 see also United States v. Waters, 771 F.3d 679, 681 (9th Cir.
11 2014) (per curiam) ("[B]ecause application of the amendments [to
12 the Sentencing Guidelines] would not increase the punishment for
13 [the defendant's] crime over what was imposed when he was
14 sentenced, there is no ex post facto problem."); Connor v.
15 Estelle, 981 F.2d 1032, 1034 (9th Cir. 1992) (per curiam) (no ex
16 post facto violation when statutory change did not disadvantage
17 prisoners); Diggs, 768 F.3d at 646 ("[T]he leniency policy . . .
18 was enacted after Diggs was sentenced. He simply has no
19 entitlement to the retroactive application of favorable policies
20 or amendments enacted after his sentencing.").

22    Nor is the Double Jeopardy Clause in any way implicated. The
23 Double Jeopardy Clause "protects against successive prosecutions
24 for the same offense after acquittal or conviction and against
25 multiple criminal punishments for the same offense." Monge v.
26 California, 524 U.S. 721, 727-28 (1998); United States v. Ursery,
27 518 U.S. 267, 273 (1996). The use of a prior strike conviction
28 to find Petitioner ineligible for resentencing pursuant to P.C. §

15

1170.126 does not raise any double jeopardy concerns since it is certainly not a successive prosecution, and Petitioner is not being punished again for the same crime. See Stiver v. Meko, 130 F.3d 574, 578-79 (3d Cir. 1997) ("Stiver's ineligibility for early release . . . does not subject him to multiple punishments for a single offense [in violation of double jeopardy], because . . . his sentence has not increased beyond that originally imposed.").

Therefore, Petitioner's ex post facto and double jeopardy claims are without merit.

## VI.
## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the District Court issue an Order: (1) accepting this Report and Recommendation, (2) denying the Petition for Writ of Habeas Corpus, and (3) directing that Judgment be entered dismissing this action with prejudice.

DATED: May 8, 2015

                                              /S/
                                  SUZANNE H. SEGAL
                                  UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.